OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the defendant, Ter Bush & Powell, Inc., for an order granting it summary judgment dismissing the plaintiff’s complaint upon the ground that the cause of action set forth in said pleading lacks merit.
The action on which the instant motion is predicated was commenced to recover money damages for property damage allegedly sustained to a certain 1973 Audi automobile owned by the plaintiff, pursuant to the collision coverage provisions of a policy of insurance issued by Maryland Casualty Company and brokered through defendant.
Defendant contends that the plaintiff failed to have the automobile in question (which was a replacement vehicle for the original vehicle covered under the policy) inspected in accordance with the requirements of subdivision 7 of section 167-d of the Insurance Law, so that the physical damage portion of the insurance contract was not effective at the time of the accident.
*249 This court must agree with the contention of the defendant. Subdivision 7 of section 167-d of the Insurance Law provides as follows: "7. If an automobile subject to the provisions of this section is acquired by the insured as a replacement for or an addition to an automobile insured for physical damage coverage, and the insured requests physical damage coverage for the replacement or additional automobile, coverage for physical damage for such automobile shall not be effective before such inspection is made. If, at the time of the request for such coverage, the automobile is unavailable for inspection because of conditions of purchase or other circumstances, and is thereafter made available for inspection, the insurer shall promptly inspect the automobile, and physical damage coverage shall not become effective before the inspection has been made.”
There is no question that plaitiffs automobile was a replacement vehicle within the meaning of subdivision 7 of section 167-d of the Insurance Law and was damaged in an accident prior to the inspection required thereunder. Therefore, the physical damage portion of the insurance contract was not effective at the time of the accident.
This action was dismissed against Maryland Casualty Company by order of Hon. John T. Casey, dated May 23, 1979, for summary judgment on the same facts set forth herein and a decision that the physical damages portion of the insurance contract was not effective at the time of the accident for failure to comply with subdivision 7 of section 167-d of the Insurance Law.
The motion for summary judgment is therefore granted.